Arnold *vs.* The State of Georgia.

E. N. BROYLES, for plaintiff in error.

No appearance for defendant.

---

S. D. ARNOLD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Upon the trial of the defendant for an assault and battery, it was not error in the Court to charge the jury, "that if they believed the prosecutor used insulting and abusive language to the defendant, it might or might not amount to a justification, depending upon the extent of the battery, and if they believed, from the evidence, that the defendant used the first insulting and opprobrious words, they might take that

Arnold *vs.* The State of Georgia.

into consideration in determining whether the defendant was justified in making the alleged assault." (R.)

2. Newly discovered evidence which, with ordinary diligence, might have been produced on the trial, of merely a negative character, and which would not even probably have changed the result, is not a good ground of new trial. (R.)

3. The verdict of the jury was not contrary to the law and the evidence, but strictly in accordance therewith. (R.)

Criminal law. Assault and battery. New trial. Newly discovered evidence. Before Judge COLE. Houston Superior Court. December Term, 1871.

S. D. Arnold was placed upon trial on an indictment for assault and battery. The defendant pleaded not guilty. The following evidence was introduced:

John Sullivan, sworn for the State, testified, that in the Spring of 1870, he met defendant in Killen's store, in the town of Perry, in Houston county; that defendant asked witness to take a drink, and witness declined, and told defendant that he had been to consult General Warren, and meant to prosecute him for employing a negro witness had previously hired; that defendant became angry, and commenced cursing witness, called witness a G—d d—d rascal or G—d d—d son of a bitch; that defendant used obscene language generally towards witness; that witness told him he was a peaceful man, and wanted no difficulty with him; that witness then called defendant a liar or a rascal; that defendant then assaulted witness, kicking him violently and attempted to kick witness in the abdomen; that witness was sore for several days after the assault.

Dr. A. M. Peurifoy, sworn for the defendant, testified, that witness was standing near when the difficulty began, with his back turned towards the parties; that as soon as witness heard the noise of the altercation he turned, and did not see defendant strike Sullivan; that witness could have seen it had any blow been struck; that witness does not remember the expressions used by either party.

The jury found the defendant guilty.  A motion was made or a new trial upon the following grounds, to-wit:

1st.  Because the Court erred in charging the jury, "that if they believed the prosecutor used insulting and abusive language to the defendant, it might or might not amount to a justification, depending on the extent of the battery; and if they believed, from the evidence, that the defendant used the first insulting and opprobrious words, they might take that into consideration in determining whether the defendant was justified in making the alleged assault."

2d.  Because the verdict is contrary to, and decidedly and strongly against the weight of evidence.

3d.  Because of material evidence not merely cumulative in its character, but relating to new and material facts, discovered by the defendant since the trial.

4th.  Because the verdict was contrary to law and evidence and without evidence to support it.

In support of the 3d ground, were appended the affidavits of P. B. D. H. Culler, and Hugh L. Dennard, to the effect that they were present at the time of the alleged assault and heard no obscene or opprobrious language used by defendant; that the only language of that character which they heard, was used by the prosecutor; that they did not communicate these facts to defendant or his counsel until since the trial.  Also, the affidavit of defendant to the effect that this evidence came to his knowledge since said trial.

The new trial was refused, and plaintiff in error excepted upon each of the grounds aforesaid, and assigns the said rulings as error.

DUNCAN & MILLER, for plaintiff in error.

E. W. CROCKER, Solicitor General, represented by POE, HALL & POE, for the State.

WARNER, Chief Justice.

The defendant was indicted for an assault and battery, and on the trial of the case the jury found him guilty.  A motion was made for a new trial on the grounds of error in the charge of the Court, that the verdict was contrary to law and the evidence, and for newly discovered evidence.  There was no error in the charge of the Court to the jury, in view of the facts as disclosed by the record.  The verdict of the jury was not contrary to the law and the evidence, but strictly in accordance therewith.  The newly discovered evidence is merely of a *negative* character, and would not even *probably* have changed the result.  Besides, the defendant must have known who were present at the time of the difficulty, or might have known upon inquiry, and if he had used ordinary diligence, could have ascertained what they knew about the transaction before the trial.  Courts do not favor applications for new trials on the ground of newly discovered evidence.

Let the judgment of the Court below be affirmed.